UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                  Case No. 19-20321

Samuel Livingston,             Honorable Sean F. Cox

    Defendant.

_____/

**ORDER NOTIFYING DEFENDANT OF RECHARACTERIZATION
AND DIRECTING DEFENDANT TO FILE MEMORANDUM**

Defendant Samuel Livingston pleaded guilty to Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). On August 20, 2021, this Court sentenced Defendant to a term of imprisonment of 72 months. The docket reflects that Defendant did not file a direct appeal.

On November 10, 2021, acting *pro se*, Defendant filed a written submission asking this Court for relief in this case regarding his sentence.

Although Defendant's submission does not cite the legal authority under which he asks this Court to vacate or modify his sentence, the relief requested is consistent with a motion to vacate sentence under 28 U.S.C. § 2255 and is therefore the equivalent of a petition under § 2255. Before characterizing Defendant's *pro se* submission as a § 2255 motion, however, Defendant must be given the opportunity to withdraw the filing. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). This is because "[a]n unintended byproduct of [liberally construing *pro se* filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed *pro se* litigant of

the future opportunity to file a motion to vacate his sentence under § 2255." *Id*. at 621. After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act generally prevents a prisoner from filing a second or successive § 2255 motion. Thus, the prisoners must be aware that the Court's construction of their petition may limit their ability to pursue future avenues of collateral relief and must be given the opportunity to either agree with the Court's construction or withdraw their motion.

Accordingly, **Defendant is hereby NOTIFIED that the Court intends to construe his November 10, 2021 filing as a motion for relief under 28 U.S.C. § 2255.**

Defendant is **DIRECTED** to file a one-page memorandum on or before **January 20, 2022**, **indicating whether he agrees with the Court's intended characterization of his November 10, 2021 submission or whether he withdraws that request. In the event that Defendant does not file a memorandum on or before January 20, 2022, his November 10, 2021 submission will be deemed a motion under § 2255.**

IT IS SO ORDERED.

                                                   s/Sean F. Cox
                                                   Sean F. Cox
                                                   United States District Judge

Dated: December 29, 2021