UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                               Criminal Case No. 2:19-20321
                                                                Civil Case No. 2:22-10865

Samuel Livingston,                                  Sean F. Cox
                                                                    United States District Court Judge

    Defendant.

_____/

## **OPINION AND ORDER DENYING PETITIONER'S HABEAS PETITION**

This is a motion made pursuant to 28 U.S.C. § 2255 and the Sixth Amendment. Acting *pro se*, Petitioner Samuel Livingston ("Livingston") filed this petition, arguing that he is entitled to a two-point offense level reduction in his sentence which he received as a result of pleading guilty to possession with intent to distribute heroin (ECF No. 107, at PageID 294). Livingston asserts that he received ineffective assistance of counsel, resulting in a misunderstanding of his plea agreement. (ECF No. 229, at PageID 1232-1233). The motion was briefed by both parties. Because the files and records of the case conclusively show that Livingston is not entitled to relief, an evidentiary hearing is not necessary. For the reasons set forth below, the Court **DENIES** Livingston's § 2255 motion.

### **BACKGROUND**

Livingston was charged by a grand jury with one count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One) and one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and

1

aiding and abetting in violation of 18 U.S.C. § 2 (Count Three). (ECF No. 1). On March 6, 2020, Livingston plead guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) based upon the following factual basis:

> Between May 2014 and continuing through April 2015 (those dates being approximate), the Defendant, Samuel Livingston possessed heroin with intent to distribute in the Eastern District of Michigan and elsewhere. Specifically, in February 2015, Defendant, along with other individuals, traveled from Detroit, Michigan to California where another individual mailed approximately 770 grams of heroin to the Eastern District of Michigan. On or about March 3, 2015, Defendant and another individual acquired 998 grams of heroin, which was seized that day by law enforcement. In each instance, the defendant possessed the heroin and knew that it would be further distributed.

(ECF No. 107, at PageID 295). Pursuant to the Rule 11 Plea Agreement, the Government dismissed Count One, conspiracy to possess with intent to distribute controlled substances. (ECF No. 107, at PageID 298). The Plea Agreement, which Livingston signed, listed the offense as a base level 30 offense, as Livingston cumulatively possessed 1,768 grams of heroin between Count One and Count Three. (ECF No. 107, at PageID 303).

Livingston entered a guilty plea on March 6, 2020. (See ECF Nos. 107, 136). At his plea hearing, Livingston confirmed – *under oath and on the record* – that he had reviewed the Indictment with his attorney, Mr. Steven Scharg, and that his attorney had answered each and every question regarding the charges as well as the sentencing consequences. (ECF No. 136, at PageID 436). Livingston confirmed that he read and reviewed the Rule 11 Plea Agreement and the attached sentencing guideline worksheets with his attorney, Mr. Scharg, prior to signing it. (ECF. No. 136, at PageID 437). Furthermore, Livingston testified that Mr. Scharg answered each and every question he had regarding the Rule 11 Plea Agreement and attached worksheets before he

2

signed it. (ECF. No. 136, at PageID 437). Finally, Livingston confirmed that he was satisfied with the advice and service that Mr. Scharg had provided. (ECF. No. 136, at PageID 438).

On August 20, 2021, the Court held a sentencing hearing. (ECF No. 213). During sentencing, Mr. Scharg raised an objection to the classification of the offense as level 30. (ECF No. 213, at PageID 1131-1132). Mr. Scharg argued that the base level offense should be set at 28, as Livingston only admitted in his plea to having possessed with intent to distribute 998 grams of heroin, which would fall within the bounds of a base level 28 offense, rather than 30 which required the possession of at least one kilogram of heroin. (ECF No. 213, at PageID 1132). The Court overruled the objection. (ECF No. 213, at PageID 1133). The Court reasoned that Livingston clearly admitted to possession of both quantities of heroin as they were included in the factual basis for his guilty plea in the Rule 11 Plea Agreement which Livingston confirmed was true and accurate during the plea hearing. (ECF No. 213, PageID 1133). Livingston was subsequently sentenced to 72 months imprisonment. (ECF No. 213, at PageID 1142).

Livingston, acting *pro se*, then filed a written submission requesting a two-point base level reduction. (ECF No. 217). The Court was prepared to treat this submission as a § 2255 motion, however it was later withdrawn. (ECF Nos. 223, 227).

On April 3, 2022, Livingston, again acting *pro se*, filed the instant § 2255 motion. (ECF No. 229). The Government responded on May 19, 2022. (ECF No. 240). Livingston did not file a reply by the July 22, 2022 deadline.

**ANALYSIS**

Livingston's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in

3

> violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A petitioner can prevail on a § 2255 motion alleging a non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F. 3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their set aside their sentences pursuant to § 2255 have the burden of sustaining their case by a preponderance of the evidence. *McQueen v. United States*, 58 Fed. App'x 73, 76 (6th Cir. 2003). Livingston argues he is entitled to relief because he received ineffective assistance of counsel in violation of his Sixth Amendment constitutional right. (*See* ECF No. 229). The Sixth Amendment provides that in criminal prosecutions a defendant has a right to the Assistance of Counsel for his defense. U.S. CONST. amend. VI.

A defendant has the right, not merely to assistance of counsel, but to effective assistance to counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). However, "proving ineffective counsel 'is never an easy task'" *Carter v. Parris*, 910 F.3d 835, 838 (6th Cir. 2018) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). To establish that Livingston was denied his right to effective assistance of counsel, he must demonstrate two things: (1) that his counsel's performance was deficient; and (2) the

4

deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Further, "the inability to prove either one of the prongs-regardless of which one-relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009).

The essence of Livingston's claim is that his counsel's performance fell below the reasonable range of professional conduct as his counsel failed to explain that the quantity of heroin from Count Three and Count One would be aggregated for purposes of establishing sentencing guidelines, even though Count One was dismissed pursuant to the plea agreement. The Sixth Circuit has previously explained, "non-constitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever warrant relief" through collateral review. *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996).

**Attorney's Performance Was Not Deficient**

To establish deficient performance, the defendant must show their "counsel's representation fell below the objective standard of reasonableness." *Lint v. Prelesnik*, 542 F. App'x 472, 475 (6th Cir. 2013) (citing *Strickland*, 466 U.S. at 688). Judicial scrutiny of counsel's performance is highly deferential, and this Court must apply the strong presumption that counsel's representation fell within the wide range of reasonable professional conduct. *Lint*, 542 F. App'x at 475-76 (citing *Strickland*, 466 U.S. at 689).

Here, Livingston claims that Mr. Scharg failed to adequately explain to him that the quantity of heroin from both Count One and Count Three would be aggregated to serve as the basis of his guideline range which caused Livingston to misunderstand his Plea Agreement. (ECF No. 229, PageID 1232-1233). Specifically, Livingston argues that he is entitled to this reduction because "[he] specifically stated [he] had only 998 grams of heroin, which put [him] into an offense

5

level of (28)," however, "[he] was given an offense level of (30) for a kilo or more but less than 3 kilograms of heroin." (ECF No. 229, at PageID 1221). Livingston further asserts that Mr. Scharg:

> failed to inform him that relevant conduct would be or could be a possibility, furthermore, there was no relevant conduct provision. Introduced in the Rule 11 plea agreement at the time he and the government entered this Rule 11 plea agreement.

(ECF No. 229, at PageID 1233). As detailed below, these claims are refuted by the Plea Agreement signed by Livingston, as well as Livingston's statements at the plea hearing and sentencing hearing. The Sixth Circuit has explained a defendant's denial of knowledge of plea agreement in reliance on mistaken advice does not amount to prejudice where the defendant was specifically informed in court that the attorney's advice was incorrect. *Warner v. United States*, 975 F. 2d 1207, 1212 (6th Cir. 1992).

The factual basis of Livingston's Plea Agreement stated that in 2015 Livingston possessed with intent to distribute approximately 770 grams of heroin which was mailed to the Eastern District of Michigan and that Livingston, and another individual acquired an additional 998 grams of heroin which was subsequently seized by law enforcement. (ECF No. 107, at PageID 295). Cumulatively, this amounts to 1,768 grams resulting in a base level offense of 30. (ECF No. 107, at PageID 303). Livingston acknowledged the accuracy of the factual basis of his charges in the Plea Agreement which he signed, and that the court recited to him on March 6, 2020, which the Court described as the basis for his guilty plea. (ECF No. 136, at PageID 440). Further, the Plea Agreement signed by Livingston explicitly listed the base level offense as 30 resulting from a total of 1,768 grams of heroin. (ECF No. 107, at PageID 303). Additionally, during the plea hearing the Court asked Livingston whether Mr. Scharg answered each and every question he had regarding

6

the Rule 11 Plea Agreement and attached worksheets, to which Livingston answered yes. (ECF No. 136, at PageID 437),

It is true that when Livingston pled guilty to Count Three, he only was required to acknowledge the 998 grams of heroin. (ECF No. 136, at PageID 444). However, the guideline worksheets attached to his Plea Agreement made it clear that the 770 grams of heroin from Count One would be included for purposes of establishing a base offense level. (ECF No. 107, at PageID 303). At the plea hearing, Livingston confirmed that he reviewed the Rule 11 Plea Agreement and the attached sentencing guideline worksheets before he signed them:

> THE COURT: Okay. Before you signed the document, did you read the document as well as any attached worksheets which are worksheets A, B, C, which consists of two pages and D, which consists of four pages?
>
> DEFENDANT LIVINGSTON: Yes, sir.
>
> THE COURT: Before you signed the document, did you review the document with Mr. Scharg?
>
> DEFENDANT LIVINGSTON: Yes.
>
> THE COURT: Before you signed the document, did Mr. Scharg answer each and every question you had regarding anything contained in the Rule 11 agreement as well as the attached worksheets?
>
> DEFENDANT LIVINGSTON: Yes, sir.

(ECF No. 136, at PageID 437-438). As the Sixth Circuit explained, "where the court has scrupulously followed the required procedure [of a Rule 11 plea hearing], the defendant's bound by his statements in response to the court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Livingston was presented with the opportunity to raise concerns about Mr. Scharg's representation or the Plea Agreement itself, but he did not. Rather, Livingston explicitly stated that

he read the Plea Agreement and was satisfied with Mr.Scharg's representation. (ECF No. 136, PageID 437-438).

Livingston did express his confusion regarding the offense level of his sentence during a sentencing hearing on August 20, 2021. (ECF. No 213, at PageID 1134-36). However, Livingston's evidence of confusion does not establish that his counsel was ineffective. In fact, his counsel objected on his behalf to his base level offense of 30, arguing that they believed the offense base level should be 28, as opposed to 30, because Livingston had only admitted to having 998 grams which falls under the requirement for offense base 30. (ECF No. 213, at PageID 1132). The Court overruled this objection. (ECF No. 213, at PageID 1133). Livingston has not presented sufficient evidence to refute the strong presumption that his counsel's assistance was adequate.

**Deficient Performance Did Not Cause Prejudice**

To establish that the deficient performance prejudiced a defendant's defense the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The likelihood of a different result "must be substantial, not just conceivable." *Lint*, 542 F. App'x at 476 (citing *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011)).

Even if the Court could find that Livingston did have ineffective assistance of counsel, Livingston has not established that but for this defective counsel he would not have pled guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). ("Prejudice is proved if the defendant shows that, but for counsel's defective advice, he would not have pleaded guilty."). As the Government emphasizes, Livingston does not argue that but for the alleged defective conduct he would not

8

have pled guilty and chosen to proceed to trial. (ECF No. 240, at PageID 1307). Instead, Livingston only asserts that he wishes to obtain a two-point offense level reduction, not to have his conviction vacated. (ECF No. 229, at PageID 1218). This request for reduction, rather than to have his sentence vacated, suggests that Livingston would not have gone to trial but for his counsel's errors.

Additionally, as the Government argues, Livingston has not established that the result would be different if he were resentenced. Pursuant to the Plea Agreement, the Government agreed to dismiss Count One, conspiracy to possess with intent to distribute controlled substances (ECF. No. 107, at PageID 298). Count One carried mandatory minimum sentence of ten years, rather than five years which was required by Count Three. (ECF No. 63, at PageID 136). As stated in the Plea Agreement, if a conviction entered pursuant to the agreement is vacated, the Court shall reinstate any charge that were dismissed as part of the Plea Agreement. (ECF No. 107, at PageID 299). Consequently, if Livingston's sentence entered pursuant to his Plea Agreement were vacated the likely result could be a longer sentence, due to the reinstatement of his dismissed charges. Therefore, Livingston is unable to establish that he was prejudiced.

**An Evidentiary Hearing is Not Warranted**

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioners claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). However, the Sixth Circuit has held that where material allegations of a § 2255 petition are contradicted by the record a court may dismiss the petition without an evidentiary hearing. *Drake v. United States,* 439 F.2d 1319, 1321 (6th Cir. 1971). Here, Livingston's allegations are refuted by the Plea Agreement, the record of the plea hearing and the record of the sentencing hearing. Further, Livingston is not entitled to an evidentiary hearing based

9

on his allegations of deficiency in his attorney's performance, as he makes no allegations giving rise to a relevant factual dispute. Therefore, because the motion and the files and records of the case conclusively show that Livingston is not entitled to relief an evidentiary hearing is not necessary. 28 U.S.C. § 2255(b).

## CONCLUSION

For the reasons explained above, the Court **DENIES** Livingston's § 2255 motion (ECF No. 229).

**IT IS SO ORDERED**.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: August 3, 2022